0092

Patty Felton BENEDICT, Respondent, v. C. M. BENEDICT, III,
Appellant.

(313 S. E. (2d) 56)

Court of Appeals

*Terry A. Finger*, of *Donelan & Donelan*, Columbia, *for appellant.*

*Hans F. Paul*, of *Paul & Seaton*, Charleston Heights, *for respondent.*

Heard Nov. 9, 1983.

Decided Feb. 21, 1984.

GARDNER, Judge:

Appellant Benedict, a South Carolina resident when this action was commenced, is a disbarred attorney, whose whereabouts are unknown to the court and to his own attorney; he appeals an order holding him in contempt for failure to appear for two hearings to which he had been ruled to appear. We dismiss the appeal.

Benedict was divorced from his wife in 1975. This proceeding was instituted for the purpose of requiring Benedict to make support payments and rent payments required by the divorce decree. Judge Watson ordered Benedict to appear and show cause why he should not be ordered to comply with the terms of the divorce decree. The Rule to Show Cause was returnable at 9:30 a.m., September 8, 1980. Benedict failed to appear. He was ruled by Judge Watson to appear again on November 10, 1980. Again Benedict failed to appear. To each Rule to Show Cause dilatory pleadings were filed. Judge Watson rejected these maneuvers and we affirm his reasoning in so doing. On January 29, 1981, Judge Watson issued the appealed order, parts of which we quote:

> ORDERED, ADJUDGED AND DECREED that the Respondent, C. M. BENEDICT, III, is hereby adjudged to be in contempt of this Court for his failure to appear on September 8, 1980. He is hereby sentenced to jail for a period of thirty (30) days; and it is further
>
> ORDERED that the said Respondent is hereby adjudged to be in contempt of this Court for his failure to appear in person before this Court on November 10, 1980. He is hereby sentenced to jail for a period of six (6) months to run consecutively with the prior sentence; and it is further
>
> . . . .
>
> ORDERED that all of the Sheriffs, Constables, Police Officers and more specifically, the Sheriff for Lexington County and the South Carolina Law Enforcement Department apprehend and arrest the person of the Respondent, C. M. BENEDICT, III, and immediately bring him before me as Judge of the Family Court of the First Judicial Circuit to impose such further sentence upon the Respondent aforestated; and it is lastly
>
> ORDERED that you, TERRY A. FINGER, Attorney for the Respondent, shall report the whereabouts of the said Respondent, or the name of any person who knows the whereabouts of the said Respondent to this Court. Fail not to comply, upon penalty of contempt.
>
> AND IT IS SO ORDERED.

Benedict is a college graduate; he holds a law degree. He has secreted himself, hiding his whereabouts, so that legal process can't be served and he cannot be arrested. His conduct obstructs the enforcement of a judicial decree and threatens the administration of justice. His conduct is defiant.

The power to punish for contempt is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings and to the enforcement of the judgments, orders and writs of the courts and consequently to the due administration of justice. *Curlee v. Howle*, 277 S. C. 377, 287 S. E. (2d) 915 (1982). The sentences for criminal contempt given Benedict are appropriate under the circumstances and we so hold.

We decline to hear an appeal of a person, who, by secreting his whereabouts, frustrates the administration of justice in our state and during the appeal process evades the processes of the court and refuses to submit himself to its jurisdiction. *Berryhill v. State*, 276 S. C. 183, 276 S. E. (2d) 926 (1981).

Accordingly, this appeal is

Dismissed.

SANDERS, C. J., and BELL, J., concur.